UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**OSVALDO ALFONSO**

    **Plaintiff,**

v.                                  **Case No: 5:19-cv-00204-JSM-PRL**

**IRS, et al.,**

    **Defendants.**

### REPORT AND RECOMMENDATION[1]

Upon referral, this case is before the Court on *pro se* Plaintiff's motion to proceed *in forma pauperis*. The Court previously took under advisement Plaintiff's motion to proceed *in forma pauperis* and gave Plaintiff until June 7, 2019 to file an Amended Complaint, which he has now done. (Doc. 6). For the following reasons, Plaintiff's motion to proceed *in forma pauperis* (Doc. 4) should be denied and the Amended Complaint (Doc. 6) should be dismissed.

    **I.    BACKGROUND**

Plaintiff has filed an Amended Complaint purporting to bring claims against the following defendants: IRS, EBSA, Local Government Retirement System-Non FRS, City of Sunrise, FL, and Resource Centers LLC. In the various filings with the court, Plaintiff has alleged that the City of Sunrise embezzled $196,951.00 of his retirement money. (Doc. 1). Plaintiff vaguely alleges that other defendants have failed to supervise and protect his retirement benefits (presumably related to the 2004 theft), but he offers no explanation as to how this gives rise to a cause of action. (Doc.

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

1

2); (Doc. 6). Plaintiff also alleges that in his 2017 income tax return he claimed a capital gains loss for the alleged theft of his retirement funds from his retirement account and that the IRS assessed a $5,000 penalty for this claim, stating that it was a frivolous position. (Doc. 2 at 1); (Doc. 6 at 2).[2] Plaintiff takes issue with the IRS's handling of his claim and imposition of the penalty.

## II. LEGAL STANDARDS

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* Indeed, "[i]ndigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order

---

[2] Although Plaintiff alleges that he was penalized two times by the IRS for a total of $10,000 (Doc. 6 at 1), he has filed only one notice of penalty charge in the amount of $5,000 on April 22, 2019. (Doc. 1 at 5-6).

2

to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984)(citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-8 (2009). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). In applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682). In short, the law requires something more "than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Further, federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d

1277, 1279-80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the United States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. 1331 and 1332.

### III.   DISCUSSION

Although Plaintiff is proceeding *pro se* in this action, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007). While the Court gives more deference to *pro se* litigants, this deference "does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted). Despite being given the opportunity to amend, Plaintiff's Amended Complaint still fails to state a claim.

At the most basic level, Plaintiff's Amended Complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. Plaintiff's Amended Complaint is not a short and plain statement of his claims, as required by Rule 8, Fed. R. Civ. P.[3] Here, Plaintiff names five defendants without pleading sufficient factual allegations stating how each defendant is legally responsible for each of the alleged wrongs. This has made the Court's task of discerning his particular claims more difficult. With that said, Plaintiff's claims are clearly frivolous and due to be dismissed.

---

[3] Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

4

Plaintiff's claims appear to fall into essentially two categories, those that stem from the alleged theft of his retirement benefits in 2004, and those against the IRS for improper assessment of civil penalties. First, Plaintiff takes issue with the alleged theft of his retirement funds by the City of Sunrise in 2004. Indeed, he states "[p]er the Plaintiff's 2004 IRS transcript, on 06/04/2004 the City of Sunrise misappropriated and embezzled $196,951.46 from the plaintiff." (Doc. 6). With respect to the theft, any claim against any defendant[4] arising out of the alleged theft is time-barred, regardless of whether Plaintiff is attempting to bring it under federal law[5] or state law. Plaintiff commenced this action on April 23, 2019, well after the expiration of the six-year statute of limitations for breach of fiduciary duty under ERISA, or the four-year statute of limitations applicable to any state law claim of conversion or fraud. 29 U.S.C. § 1113; Fla. Stat. § 95.11(3)(h)-(j).

This leaves only Plaintiff's claim that the IRS improperly assessed a penalty against Plaintiff for filing a frivolous return. (Doc. 1 at 5). In his initial Complaint, Plaintiff alleges that he attempted to claim a capital loss credit in his 2017 tax return in the amount of $198,085.00 for his allegedly stolen retirement benefits, but that the IRS disallowed the claim as frivolous and imposed a $5,000 penalty. (Doc. 1); (Doc. 2 at 1). In assessing the penalty, the IRS stated, "[y]ou based your claim on a frivolous position that isn't supported by law. Federal Courts consistently rule against these arguments and may impose substantial fines for taking a frivolous position." (Doc. 1 at 3).

---

[4] Plaintiff attempts to assert claims against EBSA, Resource Centers, LLC, and Local Government Retirement System, Non-FRS, all related to their alleged failure to protect the money in his retirement account. The Court presumes that Plaintiff is attempting connect the alleged failure to protect his retirement account to the alleged theft of funds from his retirement account. However, Plaintiff fails to allege how these defendants are in any way legally responsible for the alleged theft.

[5] The only federal statute cited by Plaintiff applicable to this claim is the Employee Retirement Income Security Act (ERISA).

As a preliminary issue, Plaintiff has failed to allege sufficient facts to establish that this court has jurisdiction over suit against the IRS for the $5,000 penalty. Under 28 U.S.C. § 1346(a), the district court has original jurisdiction to hear a civil action against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claims to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]" 28 U.S.C. § 1346(a). However, it is well-settled that before a taxpayer may bring such an action against the IRS, the taxpayer must first pay the penalty and then file an administrative claim with the IRS for a refund or credit "according to the provisions of law in that regard" and any applicable regulations. *See Enax v. Comm'r,* 476 F. App'x 857, 859 (11th Cir. 2012) (citing 26 U.S.C. § 7422(a)).

Here, Plaintiff does not contend that he complied with any of these requirements before filing suit – i.e. paid the penalty or filed a refund claim. Furthermore, the notice of penalty assessment was dated April 22, 2019 (Doc. 1 at 5-6) and Plaintiff filed this action the very next day. There's nothing to suggest that Plaintiff complied with the prerequisites to filing suit in such a short time frame. When a taxpayer seeking to challenge an assessed penalty does not comply with these requirements, the district court does not have jurisdiction over the tax refund suit. *See id.*; *Wachovia Bank, N.A. v. United States*, 455 F.3d 1261, 1264 (11th Cir. 2006).

Even assuming this court has jurisdiction, Plaintiff's claim against the IRS is frivolous. If the attempt to claim a capital loss credit is somehow based on the alleged theft of funds from Plaintiff's retirement account in 2004, Plaintiff's attempt to claim this capital loss on his 2017 tax return is untimely. Or if Plaintiff is now attempting to claim a capital loss credit simply for the decrease in value suffered by his retirement account, such claim is unavailing. Indeed, the IRS

6

publicly advises that generally one cannot claim a capital loss on a retirement account that drops in value. *See* https://www.irs.gov/newsroom/what-if-my-401k-drops-in-value-0 (last visited June 25, 2019), citing IRS Publication 575.

Moreover, Plaintiff has failed to allege any basis to support his claim for purported capital losses (i.e., $198,085.00). Pursuant to the regulations, an individual taxpayer may deduct capital losses to the full extent of his capital gains but can only offset up to $3,000 of ordinary income insofar as his capital losses exceed his capital gains. 26 U.S.C. § 1211(b); *C.I.R. v. Clark*, 489 US 726, 729 & n. 2 (1989). Here, because Plaintiff did not allege any capital gains, his claim for a capital loss credit was frivolous.

Accordingly, Plaintiff has failed to state any claim for relief that is plausible on its face.

**IV.    Recommendation**

For the reasons stated above, it is respectfully recommended that Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) be denied, and the Amended Complaint (Doc. 6) be dismissed.

DONE and ENTERED in Ocala, Florida on June 26, 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties